NOT DESIGNATED FOR PUBLICATION

No. 112,903

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of:

TYLER CHASTAIN,
*Appellant*,

and

THUY CHASTAIN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed December 18, 2015. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Stephen M. Turley*, of Cleary, Wagle & West, of Wichita, for appellee.

Before MALONE, C.J., HILL and STANDRIDGE, JJ.

*Per Curiam:* The district court granted Tyler Chastain a divorce instead of an annulment based on his allegations of fraud. The court denied his petition for annulment after ruling Tyler had failed to meet his burden of proof. Our review of the record leads us to agree with the court. We affirm.

1

*We give the marital history.*

Tyler is from Kansas and Thuy Chastain is from Vietnam. They met in 2010, became acquainted over the internet, and were married in Vietnam in 2011. They had a son and all three moved to the United States in April 2012.

Tyler filed a petition for divorce on the basis of incompatibility in December 2012. Tyler was later ordered to pay support to Thuy in the amount of $1,576 per month based on the federal Immigration and Nationality Act, 8 U.S.C. § 1183a (2012). After that, Tyler amended his divorce petition to request an annulment due to mistake of fact and failure to disclose material facts about the decision to marry. The court issued a pretrial order listing one of the trial issues as a "Motion for Annulment" and the basis for annulment as fraud.

The court conducted a hearing on the annulment and other issues. The facts behind the parties' split are in dispute. Tyler testified that the day after Thuy moved to the United States she told him, "I never loved you. I don't love you. I started studying how to divorce you from the day I was introduced to you." He stated that "it felt like someone kicked me in the gut." Tyler testified that he did not request an annulment in the original petition because his then-lawyer said annulment was not an option. Tyler was asked whether he requested an annulment because he thought he would not have to make support payments if the marriage was annulled, and Tyler responded, "No." Tyler was asked if he had discussed with anyone whether annulment would revoke or change Thuy's immigration status and Tyler responded, "No."

Thuy denied that she told Tyler that she did not love him. She testified that "I'm always telling him I love him. So that's why I left my family I come here very far and I'm only have cousin, no family here, and I have baby with him. If I know I don't love him, why I have baby with him." Thuy testified that Tyler was abusive, and she left Tyler on

2

December 7, 2012, when her cousin took her to a shelter. Thuy testified that she then attended a protection from abuse hearing.

The district court ruled:

"The Court finds that the petitioner is seeking an annulment. The petitioner filed an amended petition on December 10th of 2013, claiming an annulment on the grounds of a mistake of fact.

"In the pretrial conference order; however, the petitioner alleged annulment on the grounds of fraud, and the Court would find that a fraud would be a potential ground to grant an annulment; however, per the case of Nordstrom vs Miller at 227 Kansas 59 at page 65, the Supreme Court set out the requirements and the factors, the things that had to be proven to prove fraud, and one of the requirements is that the person claiming to prove that there had been false statements made with the intent to deceive, or recklessly made with disregard of the truth. The statement he's referred to is a claim that she told him she never loved him and that she just married him so that she could come to the US and he could pay for it.

"Fraud, according to the same case; same page, must be proved by clear and convincing evidence.

"The Court finds the petitioner has failed to meet that burden. The respondent denies telling him that she never loved him and testified that she would not have had his baby if she didn't love him.

"Based on that, the Court does – cannot – cannot disavow that testimony; the Court finds that the testimony is insufficient to establish fraud. The request for an annulment will be denied."

The district court denied Tyler's petition for annulment because he failed to meet his burden of proof for the annulment but granted his alternative petition for divorce based on incompatibility. Tyler was also ordered to pay Thuy support in accordance with a previous court order and 8 U.S.C. § 1183a.

Tyler now contends that he did prove fraud by clear and convincing evidence because the whole of his testimony and his actions support his accusation that Thuy said she did not love him and merely used the marriage to gain lawful immigrant status in the United States.

In opposition, Thuy contends that Tyler cannot challenge the district judge's findings because he did not object during the proceeding below. A party must object to inadequate findings of fact and conclusions of law to preserve an issue for appeal. See *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). When no objection is made to a district court's inadequate findings of fact or conclusions of law, an appellate court can presume the district court found all facts necessary to support its judgment. See *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012). But Tyler's argument is not that the judge failed to make adequate findings; instead, Tyler contends that the evidence was sufficient to show fraud.

In Kansas, annulments are granted as follows:

> "(a)  The district court shall grant a decree of annulment of any marriage for either of the following grounds:  (1) The marriage is void for any reason; or (2) the contract of marriage is voidable because it was induced by fraud.
> "(b)  The district court may grant a decree of annulment of any marriage if the contract of marriage was induced by mistake of fact, lack of knowledge of a material fact or any other reason justifying recission of a contract of marriage." K.S.A. 2014 Supp. 23-2702.

The law is clear. Fraud (1) is never presumed, (2) must be established by clear and convincing evidence, and (3) is normally a question of fact. *Alires v. McGehee*, 277 Kan. 398, Syl. ¶¶ 1-2, 85 P.3d 1191 (2004). The elements of fraud are "an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or with reckless disregard for the truth, upon which another party justifiably relies and acts to his

4

or her detriment." 277 Kan. 398, Syl. ¶ 3. Clear and convincing evidence is evidence sufficient to establish that the truth of the facts asserted is highly probable. *In re B.D.-Y.*, 286 Kan. 686, 696, 187 P.3d 594 (2008).

Here, the judge properly noted that fraud must be proved by clear and convincing evidence. In reviewing factual findings, an appellate court does not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact. *In re Adoption of B.B.M.*, 290 Kan. 236, 244, 224 P.3d 1168 (2010) (citing *In re B.D.-Y.*, 286 Kan. at 705).

Tyler and Thuy gave conflicting testimony on what led to the demise of the marriage. Tyler testified that Thuy told him she never loved him and she just used him to get to the United States. Thuy testified that she never said those things and she would not have left her family and had a baby with Tyler if she did not love him.

Tyler contends that undisputed circumstantial facts support his testimony, such as the fact that he petitioned for divorce within months of Thuy arriving in the United States and the fact that he requested a DNA test on his son. However, these facts could also support Thuy's testimony that she left Tyler in December because he was abusive. The only actual evidence of fraud was Tyler's own disputed testimony. This court cannot reweigh the circumstantial evidence or review whose testimony was more clear, consistent, or honest. See *In re Adoption of B.B.M.*, 290 Kan. at 244. A panel of this court recently reviewed a similar case involving a petition for annulment that was based on allegations of immigration fraud in *In re Marriage of Post and Rahmouni*, No. 112,406, 2015 WL 4716330 (Kan. App. 2015) (unpublished opinion). In that case, this court upheld a district court's conclusion that the appellant failed to show fraud by clear and convincing evidence, refusing to reweigh the evidence or the credibility of the witnesses. 2015 WL 4716330, at *5.

Tyler contends that he is not seeking an annulment to skirt his support obligation under immigration law. Whether or not Tyler could legally evade his support obligation is inapposite, though. More important is whether Tyler thought he could evade his support obligation by filing for an annulment rather than a divorce. But again, this question goes to Tyler's credibility as a witness, a determination this court cannot review. See *In re Adoption of B.B.M.*, 290 Kan. at 244.

The judge did not arbitrarily disregard undisputed evidence, and we see no contention that the court relied upon some extrinsic consideration such as bias, passion, or prejudice to reach its decision. Thus, the court did not err in finding that Tyler failed to meet his burden of proof to show fraud.

Affirmed.