NOT DESIGNATED FOR PUBLICATION

No. 114,364

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TOBY SMITH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed April 15, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

*Per Curiam:* Toby Smith pled guilty to burglary, misdemeanor theft, and misdemeanor criminal damage to property. He was sentenced to 29 months in prison which was suspended for 24 months' probation. Smith admitted several probation violations, and the district court revoked his probation and imposed a modified 27-month prison sentence. Smith contends it was unreasonable to revoke his probation and send him to prison. He asks for summary disposition of his sentencing appeal. Finding no error, we affirm.

*Smith commits a crime while on probation.*

Smith pled guilty to burglary under K.S.A. 2012 Supp. 21-5807(a)(2),(c)(1)(B), a severity level 7 nonperson felony; one count of theft under K.S.A. 2012 Supp. 21-5801(a)(1),(b)(4), a class A nonperson misdemeanor; and one count of criminal damage to property under K.S.A. 2012 Supp. 21-5813(a)(1),(b)(3), a class B nonperson misdemeanor. The district court ordered Smith to comply with various conditions of the community corrections intensive supervision program.

The State subsequently alleged Smith had violated his probation by (1) committing the crime of petty theft in October 2013; (2) failing to report contact with law enforcement within 24 hours of the October 2013 petty theft incident; (3) failing to attend outpatient drug/alcohol treatment, resulting in Smith being unsuccessfully discharged in November 2013; and (4) failing to report to his intensive supervision officer on October 30, 2013, or any time thereafter.

At the hearing, Smith admitted the allegations and waived his right to an evidentiary hearing. The district court revoked Smith's probation. Smith requested the district court reinstate probation and order the drug court program or residential drug treatment. The district court found that given the seriousness of Smith's violations and his failed past attempts to modify his drug addiction or behavior, Smith had demonstrated he was not amenable to probation and reinstating probation would not benefit him. The district court also found that the fact Smith had committed a new crime while on probation and absconded provided a legal basis to send Smith back to prison. The district court granted a modification to Smith's 29-month underlying sentence and ordered him to serve the 27-month mid-range presumptive term of imprisonment. The journal entry of judgment checked the boxes "Violation – No New Conviction" and "Absconded/Committed New Crime" as the reasons for the revocation hearing.

2

On appeal, Smith moved for summary disposition without briefing under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Smith argues that the district court's prison sanction was an abuse of discretion and unreasonable.

We first address whether the district court acted unreasonably by revoking Smith's probation. The law of probation revocations is well settled. Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Fischer v. State*, 296 Kan. -808, Syl. ¶ 8, 295 P.3d 560 (2013). Smith bears the burden of showing such abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Smith does not deny that he violated the conditions of his probation. The record does not point to any errors of fact or law in the district court's decision to revoke his probation. In light of Smith's admissions and the absence of any good reason in the record for concluding the district court's decision was arbitrary, fanciful, or unreasonable, we hold the district court was well within its discretion to revoke Smith's probation. We affirm the probation revocation.

Our law, K.S.A. 2013 Supp. 22-3716(c), provides that a sentencing court must generally impose an intermediate sanction before ordering an offender to serve his or her underlying sentence, unless certain exceptions apply. See K.S.A. 2013 Supp. 22-3716(c)(1). Intermediate sanctions are not required if the offender commits a new crime, absconds from supervision, or the sentencing court finds and sets forth with particularity its reasons for finding that the safety of members of the public will be jeopardized or that the offender's welfare will not be served by such sanction. K.S.A. 2013 Supp. 22-3716(c)(8) and (9).

3

Since Smith admitted to committing a new crime of petty theft while on probation, the sentencing court may revoke his probation and impose the underlying sentence or any lesser sentence. See K.S.A. 2013 Supp. 22-3716(c)(8).

Having reviewed the record, we find the district court's decision to revoke Smith's probation and order him to serve a 27-month sentence was neither unreasonable nor an abuse of discretion.

Affirmed.