CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

No. 116,767

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of

DUSTIN J. STRAIT, aka,
CHRISTOPHER V. STRAITH.

MEMORANDUM OPINION

Appeal from Brown District Court; JAMES A. PATTON, judge. Opinion filed June 2, 2017. Affirmed.

*William R. McQuillan*, of Troy, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  Dustin J. Strait, aka Christopher V. Straith, appeals the district court's decision denying his motion for an independent psychological evaluation as part of his annual review in the Sexual Predator Treatment Program (SPTP). Finding no abuse of discretion, we affirm the district court's decision.

Strait was admitted to the SPTP at Larned State Hospital on March 15, 2001. Strait has reached phase five of the SPTP's seven-phase inpatient treatment program. Under phase five, residents are introduced into open society through "a series of graduated and supervised off-grounds outings." Strait has "Privilege Level A (Green Badge) status which affords him the highest level of privileges" and "is an indication of his compliance with program rules and the civility of his behavior on the unit and during program

activities." Thus far, Strait has been denied promotion to phase six because he has yet to effectively address his sexual sadism and masochistic tendencies. Also, Strait was placed on probation in November 2015 when he "failed his monitor polygraph." Before probation, Strait had completed "the outing process and moved to [the] maintenance phase" of phase five after completing seven outings.

As part of his SPTP, the Secretary of the Department for Aging and Disability Services provides Strait with a current examination and report of his mental condition every year. Strait received such a report dated March 8, 2016, and filed with the district court on March 29, 2016. The annual report indicated that Strait was still a sexually violent predator because of his prior convictions. In addition, the report indicated that Strait suffered from a personality disorder or mental abnormality which made "'it likely that he [would] engage in repeat acts of sexual violence.'" The report indicated that Strait suffered from pedophilic disorder, narcissistic personality disorder, alcohol use disorder in sustained remission, and stimulant disorder (amphetamine-type substance) in a controlled environment. Based on these observations, the report concluded "that the aforementioned mental abnormality/personality disorder has not so changed that it would be safe for Mr. Strait to be placed in Transitional Release at this time."

Strait filed a motion for an independent evaluation on March 29, 2016. In the motion, Strait disagreed with the State's assessment of his "alleged mental abnormality and personality disorder" and requested an independent evaluation of his mental condition. On July 27, 2016, Strait filed an amendment to his motion. In the amendment, Strait asked that he not be subjected to any polygraph testing regardless of whether his motion for independent psychological evaluation was granted.

The State filed its response to Strait's motion on August 9, 2016. The response contended, among other claims, that the district court's decision to order an independent

2

evaluation is discretionary absent probable cause that Strait's mental condition had changed since his prior evaluation.

The district court held a hearing on Strait's motion for independent evaluation on August 11, 2016. After hearing oral arguments from both sides, the district court denied the motion. Specifically, the district court stated:

> "It appears that he is making progress, but certainly hasn't made sufficient progress. It appears that he has the potential for the next annual review which is only what, six months away now. To be in that position, and at that point the Court would certainly look if he hasn't been placed on probation again, get him to this next phase.
> . . . .
> " . . . So right now it appears that he's up and down, and the old song two steps forward one step back seems to apply in that he makes some success and then all of the sudden he does something that violates either the program parameters, or he just doesn't cooperate and finish the things that he's supposed to do.
> . . . .
> "[I]f at the next period he has no violations or continues without probation the Court will order it, because at that point I think he's at the stage of handling those things that came up that put him on probation and that he might be ready for transitional release, and certainly at that point he's entitled to an expert."

The district court filed a journal entry reflecting the denial of Strait's motion on September 21, 2016. The journal entry stated that the district court denied the motion "based on the facts presented and does not find that [an independent evaluation] is necessary at this point." Strait timely appealed from this ruling.

On appeal, Strait claims the district court erred in denying his motion for an independent psychological evaluation. Specifically, Strait argues that the district court failed to comply with K.S.A. 2016 Supp. 59-29a08 in denying his motion. Strait argues that absent an independent evaluation "[i]t is impossible for [him] to show probable cause

3

exists to believe that his mental abnormality or personality disorder has so changed" to allow him to qualify for transitional release. Strait maintains that his "advanced progress in the treatment program" necessitated an independent evaluation. Finally, Strait claims that the district court "made no specific findings in support of its ruling."

The State maintains that the district court did not abuse its discretion in denying Strait's motion for an independent psychological evaluation. The State contends that the district court properly found, based on Strait's inconsistent progress, that it was best to wait until Strait's next annual review to appoint an independent expert. Finally, the State argues that the district court made sufficient findings to support its decision.

K.S.A. 2016 Supp. 59-29a08(a) states in part:

> "Each person committed under the Kansas sexually violent predator act shall have a current examination of the person's mental condition made once every year. . . . The person *may* retain, or if the person is indigent and so requests the court *may* appoint a qualified professional person to examine such person, and such expert of professional person shall have access to all records concerning the person." (Emphasis added.)

Our court has held that the legislature's use of the word "may" in the applicable statute dictates that the decision to order an independent psychological evaluation at the annual review stage is at the district court's discretion and is reviewed utilizing an abuse of discretion standard. *In re Care and Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

4

Here, the district court noted that Strait's annual report indicated that "his mental abnormality or personality disorder has not so changed so that he is not safe to be placed in transitional release." The district court was clear that while Strait had made progress in his treatment, he also had incurred some very recent setbacks. In fact, Strait had been released from phase five probation only a few days before the court's hearing. The district court decided to forego an independent evaluation until such time that Strait showed more consistent progress. Moreover, the district court was hopeful that at Strait's next review, it could order an independent evaluation if Strait continued without probation and had no violations. The district court complied with K.S.A. 2016 Supp. 59-29a08(a) in denying the motion, and Strait fails to show that no reasonable person would have taken the view adopted by the district court. See *Wiles*, 302 Kan. at 74. Thus, the district court did not abuse its discretion in denying Strait's motion for an independent evaluation.

Finally, the district court's findings made from the bench were sufficient to explain the court's decision and to provide for meaningful appellate review. See Kansas Supreme Court Rule 165 (2017 Kan. S. Ct. R. 214). Moreover, Strait did not object to the inadequacy of findings in district court, so he cannot complain about the sufficiency of the findings on appeal. See *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2103).

Affirmed.