NOT DESIGNATED FOR PUBLICATION

Nos. 119,320
119,321

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MANUEL NAJERA ARANGO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed April 26, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.


PER CURIAM: When an offender commits a new crime while on probation, the district court may revoke the offender's probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). The district court revoked Manuel Najera Arango's probation after he committed several new crimes. On appeal, he argues that the district court's decision constituted an abuse of discretion because it is a decision with which no reasonable person could agree. But, Arango committed a new crime while on bond and then committed several crimes while

1

on probation. Given Arango's prior failures, the district court acted within its discretion in revoking his probation.

FACTUAL AND PROCEDURAL HISTORY

Arango pled guilty to aggravated assault, a severity level 7 person felony, in 16 CR 2111 (Case 1) and criminal damage to property, a severity level 9 nonperson felony, in 16 CR 2670 (Case 2). Both crimes carried presumptive prison sentences. Prior to sentencing, Arango moved the court to dispositionally depart from the statutory sentence and place him on probation or, in the alternative, to depart durationally and reduce his sentence.

At sentencing, the district court judge gave Arango two options. Either the court would impose the lowest presumptive sentence for each crime and run the sentences consecutively, or the court would impose an upward durational departure of 96 months' imprisonment but place Arango on probation for 48 months following a 60-day jail sanction. Arango chose probation with an upward durational departure. The district court ordered Arango to spend 48 months on probation with underlying, consecutive prison sentences of 62 months in Case 1 and 34 months in Case 2. The court also ordered Arango to spend 60 days in jail before beginning his term of probation.

Approximately four months later, the State alleged that Arango violated his probation by committing new offenses—driving under the influence, engaging in a hit and run, transporting an open container, and driving with no proof of insurance. Additionally, Arango submitted a urine sample which tested positive for cocaine. Arango waived his right to an evidentiary hearing and admitted to the allegations.

The district court found that Arango violated his probation by committing the new offenses and by testing positive for cocaine. The court revoked Arango's probation and

2

ordered him to serve a modified sentence of 44 months in Case 1 and a consecutive sentence of 34 months in Case 2, for a total of 78 months in both cases.

Arango appealed. His two cases were consolidated for appeal.

ANALYSIS

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013).

The district court's discretion to revoke probation is limited by K.S.A. 2018 Supp. 22-3716(c), which delineates the sanctions a district court can impose upon finding a probation violation. Typically, the district court must impose intermediate sanctions before it is allowed to revoke an offender's probation. K.S.A. 2018 Supp. 22-3716(c)(1). However, intermediate sanctions are not required where an offender commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). In that situation, the district court may revoke an offender's probation or impose intermediate sanctions.

Arango argues that the district court erred in revoking his probation. He does not dispute that the district court had the authority to bypass intermediate sanctions after he stipulated to committing a new crime. However, he argues that no reasonable person would have taken the same action as the district court. At sentencing, Arango told the district court that the underlying cause of his criminality was a severe addiction problem. Arango asserts that a drug and alcohol evaluation showed that he would benefit from intensive outpatient treatment. Therefore, he argues, continuing him on probation would

3

serve the legislative goal of reducing the prison population as well as the penological goal of rehabilitation.

A reasonable person could agree with the district court's decision. The crimes he committed put people in danger. In Case 1, he held a gun to his wife's head and told her that he was going to shoot her. When Arango was released on bond in Case 1, he reoffended. That time, he rammed his vehicle into his mother-in-law's truck. When the district court released Arango on probation, he committed several new crimes including driving under the influence. Arango had multiple chances while released on bond and probation to address his alcohol issues, but each time the court gave him a chance he reoffended. The district court acted well within its discretion in refusing to give Arango another opportunity to offend. Accordingly, the district court's decision is affirmed.

Affirmed.