NOT DESIGNATED FOR PUBLICATION

No. 120,168

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAYLEE JO EVANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed May 10, 2019. Affirmed.

Submitted for summary disposition pursuant K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM:  Kaylee Jo Evans appeals the district court's failure to modify her sentences following the revocation of her probation in several cases. We granted Evans' motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the district court's decision. For the reasons stated in this opinion, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL HISTORY

Evans was convicted in five cases that are consolidated in this appeal:  15CR1050 (Case 1); 16CR372 (Case 2); 16CR682 (Case 3); 16CR883 (Case 4); and 17CR474

1

(Case 5). At the sentencing hearing in Case 5, the district court took up a motion to revoke her probation in Cases 1-4. Evans stipulated to the violations and the court imposed a 2-day sanction and reinstated her probation in those cases for an additional 18-month term. See K.S.A. 2018 Supp. 22-3716(c)(1)(B) (providing intermediate sanctions of 2-3 days for violation of probation). Subsequently, the State filed a timely motion to revoke Evans' probation on all five cases. Again, Evans stipulated to the violations. The district court imposed a 120-day sanction followed by an additional 18-month probation term. See K.S.A. 2018 Supp. 22-3716(c)(1)(C) (providing intermediate sanctions of 120 days for violation of probation).

In September 2018, Evans was sentenced on two new cases: a theft, 18CR435 (Case 6), and a battery, 18CR96 (Case 7). At the same time the court considered a new motion to revoke Evans' probation in Cases 1-5. Evans stipulated to the violation of her probation. The district court denied Evans' motion to modify her sentences in Cases 1-5, revoked her probation, and ordered her to serve the original sentence in each case.

On appeal, Evans does not contest her convictions in any of these cases or the fact that she violated her probation. Instead, she argues that the district court abused its discretion when it ordered her to serve her underlying sentences instead of modifying the underlying sentences. Additional facts will be provided as necessary.

ANALYSIS

Evans' sole argument on appeal is that the court abused its discretion when the judge failed to modify her underlying term of 70 months in prison on Cases 1-5. She argues the underlying crimes, which included possession of methamphetamine, possession of drug paraphernalia, fleeing and eluding, theft, and forgery, all were a result of her drug addiction. She argued she had been sober while incarcerated and had always taken responsibility for her actions by entering pleas in each of her cases. She took

2

ownership over her probation violations and did not request any additional sanctions. Although she requested that her sentence be modified downward, she did not suggest a specific number of months in prison. She now asserts that almost six years in prison is overly harsh and would not serve any rehabilitative purpose. Instead, the court should have modified her sentence to a shorter sentence which would be sufficient punishment and allow her to be reunited with her children and provide for their support.

Upon finding that a defendant has violated the terms of his or her probation, the district court may order the defendant to serve the sentence imposed "or any lesser sentence." K.S.A. 2018 Supp. 22-3716(c)(1)(E). We review the district court's decision of whether to impose a lesser sentence under an abuse of discretion standard. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). An appellate court will not disturb a discretionary decision unless no reasonable person would have taken the view adopted by the district court. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010). The party who asserts an abuse of discretion on appeal bears the burden of establishing it. *State v. Moses*, 280 Kan. 939, 945, 127 P.3d 330 (2006).

Here, the district court heard arguments for and against Evans' request for a lesser sentence. On the one hand, Evans argued that her crimes were related to her drug abuse and that jail would serve no rehabilitative purpose. She maintained a period of sobriety. But the court pointed out that Evans had consistently failed to follow through drug treatment programs and continued to use drugs. At the time of her revocation hearing, she was on probation in five separate cases and had been convicted of two additional charges while on probation. She had been given the opportunity that accompanies graduated sanctions and had still failed to comply and become a law-abiding, drug-free resident of Kansas.

Evans does not argue that the district court's action was based on an error of law or fact. As to its reasonableness, we cannot conclude that no reasonable judge would have denied Evans' request for a lesser sentence at the probation violation hearing. Thus, we conclude the district court did not abuse its discretion.

Affirmed.