NOT DESIGNATED FOR PUBLICATION

Nos. 111,623
111,624
111,625
111,626

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY DALTON HOSIE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed September 11, 2015. Affirmed.

*Julie McKenna*, of McKenna Law Office, P.A., of Salina, for appellant.

*Daryl E. Hawkins*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., BUSER, J., and WILLIAM R. MOTT, District Judge, assigned.


*Per Curiam*: Timothy Dalton Hosie claims the district court erred in revoking his probation in four cases and imposing the controlling sentence. Based on Hosie's stipulations to violations of the conditions of his probation, which included the commission of a new crime while on probation, and finding no abuse of discretion, we affirm the district court's judgment.

On August 4, 2010, Hosie pled guilty to charges in three different cases. In 09CR313, Hosie pled guilty to residential burglary, a level 7 felony in violation of K.S.A. 21-3715(a), and theft, a level 9 felony in violation of K.S.A. 21-3701(A)(1). In 10CR128, Hosie entered guilty pleas to two counts of misdemeanor assault in violation of K.S.A. 21-3408, driving under the influence in violation of K.S.A. 8-1567(a)(2), (d), misdemeanor battery on a law enforcement officer in violation of K.S.A. 21-3413(a)(1)(b), misdemeanor assault on a law enforcement officer in violation of K.S.A 21-3409, and fleeing or attempting to elude a law enforcement officer, a level 9 felony in violation of K.S.A. 2010 Supp. 8-1568(a)(2), (c)(2). Finally, in 10CR43, Hosie was convicted of misdemeanor theft in violation of K.S.A. 21-3701(a)(1).

At sentencing for these three cases on September 22, 2010, the district court sentenced Hosie in 09CR313 to 32 months' imprisonment, granted a dispositional departure, and placed him on probation with community corrections for 24 months. In 10CR128, the district court imposed a total underlying sentence of 16 months' imprisonment for the felony conviction and 30 months in jail for the various misdemeanor offenses. The district court granted a dispositional departure to 24 months' probation and ordered the 16-month felony sentence to run consecutive to the 32-month sentence in 09CR313, with probation to run concurrent. And the district court sentenced Hosie in 10CR43 to 1 year in jail, with the sentence and probation to run concurrent with 09CR313. In each case the district court ordered Hosie to comply with various conditions of the community corrections intensive supervision program as probation terms. Hosie did not appeal his sentences.

On May 18, 2011, the district court revoked Hosie's probation in 09CR313, 10CR43, and 10CR128 for failing to obtain a mental health evaluation and to remain drug and/or alcohol free. The district court reinstated probation for 24 months.

On March 28, 2012, the district court revoked and reinstated Hosie's probation in 09CR313 and 10CR128 for failure to remain drug and/or alcohol free, to disassociate with people who use drugs or alcohol or engage in illegal activity, and to report as directed. The next month, on April 26, 2012, Hosie stipulated to the same violations in 10CR43, and the district court revoked and reinstated his probation for 12 months.

On April 26, 2012, Hosie pled guilty in 12CR44 to misdemeanor possession of marijuana in violation of K.S.A. 2013 Supp. 21-5706(b)(3), (c) (2)(B). The district court imposed a sentence of 12 months in jail and granted probation for 12 months, to run concurrent with the existing felony probation.

Finally, on November 15, 2013, the district court revoked Hosie's probation after Hosie stipulated to failing to pay court ordered costs, submit to urinalysis testing, report as directed, follow the recommendations of his mental health and drug/alcohol evaluations, and remain crime free (12CR44). The district court continued disposition at Hosie's request.

At the disposition hearing on February 24, 2014, the district court heard testimony from Hosie's therapist and his supervising officer. Hosie argued he was still amenable to further probation. The district court disagreed, telling Hosie,

> "The Court will note that you have suffered some tragedies . . . . You have my sincerest sympathies . . . in that regard.
> "[W]hen I look at your case there's no doubt that you are not amenable to probation. You have failed in each and every way on your probation consistently. I am concerned with the fact that you have violated in May by refusing to test, that you violated again in July, again by refusing to test. That you violated again in October by testing positive. And if it were just those matters, I would probably reinstate you. But it's your failure to report. It's your failure to complete the mental health evaluations, the drug

3

and alcohol evaluations, until the 11th hour. And there's nothing to indicate to me that if I put you back on probation, that this is [not] going to happen again."

Finding Hosie not amenable to probation, the district court ordered Hosie to serve his underlying sentence of 32 months in 09CR313 with the remaining sentences in the other three cases to run concurrently.

On appeal, Hosie argues the district court abused its discretion in revoking his probation and ordering him to serve his underlying sentence. Specifically, Hosie argues the district court should have exercised its discretion under K.S.A. 2013 Supp. 22-3716 to continue his probation because "his behavior was improving," he was employed, seeing his therapist, taking advantage of community services, and the testimony from his therapist and supervising officer contradicted the State's assertion that he was not amenable to probation.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). The law of probation revocations is well settled. Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). Hosie bears the burden of showing such abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Other than asking this court to reweigh the evidence at the disposition hearing, Hosie does not direct us to any errors of fact or law underlying the district court's decision not to reinstate his probation. In light of Hosie's stipulations to violating the

4

conditions of his probation and the absence of any good reason in the record for concluding the district court's decision was arbitrary, fanciful, or unreasonable, we conclude the district court was well within its discretion to revoke Hosie's probation and order him to serve his underlying sentence in 09CR313.

Affirmed.