NOT DESIGNATED FOR PUBLICATION

No. 113,617

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JARED MICHAEL HUNDLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed April 1, 2016. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., MCANANY and POWELL, JJ.

*Per Curiam*: In line with his plea agreement with the State, Jared Michael Hundley pled guilty to two counts of aggravated battery in exchange for the State dismissing other counts. The district court sentenced Hundley to 24 months of supervised probation with an underlying 12-month prison term. Just 1 week after being sentenced Hundley tested positive for marijuana and methamphetamines. He received a "Quick-Dip" sanction for this violation. Following another violation, he received a second "Quick-Dip" sanction.

1

The State later filed the instant motion to revoke Hundley's probation. Hundley admitted to the court that he had violated the requirements of his probation by failing to maintain contact with his probation officer, failing to report as directed, failing to remain drug free, and failing to complete the required programs. The State requested that the district court impose a 120-day sanction, noting Hundley's two previous "Quick-Dip" sanctions and asserting that a 120-day sanction was the next step in the graduated sanctions.

Hundley requested a lesser jail-time sanction. The district court rejected this request and imposed a 120-day sanction pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(C). Upon his release, the district court ordered that Hundley be supervised by community corrections and be required to complete a drug/alcohol evaluation.

Hundley appeals. He claims that the district court abused its discretion in imposing the 120-day sanction rather than the shorter term he requested. Hundley asserts the district court lacked a reasonable basis for imposing the longer sanction when Hundley explained that he had withheld information concerning his drug addiction and blamed the addiction issues as the cause of his failure to comply with the terms of probation.

Probation is a privilege and not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once Hundley stipulated to violating the terms of his probation, the disposition decision was within the district court's sound discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). The court abuses its discretion when its judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). Hundley bears the burden to show an abuse of discretion. See *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014).

We have unlimited review in considering whether the district court correctly followed the mandates provided by the legislature in K.S.A. 2015 Supp. 22-3716(c). See *State v. Riojas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

K.S.A. 2015 Supp. 22-3716(c) provides that a sentencing court should generally impose an intermediate sanction before ordering a probation violator to serve the underlying sentence, subject to specific exceptions.

● First, as an intermediate sanction, the district court may impose confinement in jail for not more than 6 days per month in 2-day or 3-day consecutive periods, not to exceed a total of 18 days. K.S.A. 2015 Supp. 22-3716(c)(1)(B).

● Second, the district court may remand the defendant to the custody of the secretary of corrections for 120 days, subject to a reduction of up to 60 days in the discretion of the secretary of corrections, if the district court previously imposed a "Quick-Dip" sanction under K.S.A. 2015 Supp. 22-3716(c)(1)(B). See K.S.A. 2015 Supp. 22-3716(c)(1)(C).

● Third, the district court may remand the defendant to the custody of the secretary of corrections for 180 days, subject to a reduction of up to 90 days in the discretion of the secretary, if the district court has previously imposed a sanction under K.S.A. 2015 Supp. 22-3716(c)(1)(B) or (c)(1)(C).

● Fourth, the district court may revoke the defendant's probation and require the defendant to serve the underlying sentence or a lesser sentence as modified if the district court has previously imposed a sanction under K.S.A. 2015 Supp. 22-3716(c)(1)(C) or (c)(1)(D).

3

Hundley does not claim there was any errors of fact or law in the district court's decision. He asserts the district court lacked a reasonable basis for imposing the sanction because he had not been forthcoming at sentencing about his addiction issues. But the district court addressed Hundley's addiction issues by ordering that he complete a drug/alcohol evaluation upon his release. The district court noted that Hundley had been given multiple opportunities to comply with the terms of his probation and had not taken his probation seriously despite being given two previous "Quick-Dip" sanctions under K.S.A. 2015 Supp. 22-3716(c)(1)(B).

Here, the district court followed the mandates provided for in K.S.A. 2015 Supp. 22-3716(c) and imposed the appropriate 120-day graduated sanction. Hundley fails to convince us that no reasonable judge would have imposed a 120-day graduated sanction rather than a shorter sanction. The district court did not abuse its discretion in ordering Hundley to serve a 120-day graduated sanction.

Affirmed.