NOT DESIGNATED FOR PUBLICATION

Nos. 114,903
114,907

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BERNIE JUNIOR CANTU,
*Appellant*.


MEMORANDUM OPINION


Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed June 2, 2017. Affirmed.


*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.


*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., MCANANY, J., and HEBERT, S.J.


*Per Curiam*: Bernie Junior Cantu appeals the district court's decision to bypass intermediate sanctions and directly impose the underlying prison sentences after finding Cantu violated the terms and conditions of his probation in two cases. In bypassing intermediate sanctions, the district court relied on two statutory exceptions under K.S.A. 2014 Supp. 22-3716: (1) when the court finds that the offender has absconded from supervision and (2) when the court finds that the safety of the members of the public will be jeopardized or the welfare of the offender will not be served. On appeal, Cantu claims

1

that the evidence does not support the district court's finding that he absconded but does not challenge the sufficiency of the court's finding that the safety of the members of the public will be jeopardized or the welfare of the offender will not be served. In the absence of any claim or argument on appeal by Cantu alleging insufficient evidence to support the district court's decision to bypass intermediate sanctions based on public safety or offender welfare, we affirm the district court's decision on those grounds.

## FACTS

Because this appeal involves Cantu's challenge to revocation of his probation in two different cases, we find it helpful to set forth the intertwined procedural history of both cases in table form instead of the more traditional narrative form.

| Date | Case No. | Action |
|------|----------|--------|
| 06-14-2014 | 14-CR-330 | Cantu committed offense of theft. |
| 08-01-2014 | 14-CR-330 | Cantu pled no contest to theft. |
| 09-29-2014 | 14-CR-330 | Cantu sentenced for theft conviction: 12 months of probation with an underlying 12 months in prison. |
| 11-18-2014 | 14-CR-607 | Cantu committed offense of possession of methamphetamine. |
| 11-26-2014 | 14-CR-330 | State filed motion to revoke probation in theft case: (1) drug use, (2) failed to complete treatment, (3) moved without notifying ISO, (4) broke law, and (5) failed to report contact with law enforcement. |
| 01-15-2015 | 14-CR-607 | Cantu pled no contest to possessing methamphetamine. |
| 01-26-2015 | 14-CR-330 | Cantu admitted to all five alleged probation violations in theft case; court ordered 6-day quick dip and reinstated probation, extending it another 12 months. |
| 02-27-2015 | 14-CR-330 | State filed second motion to revoke probation in theft case: failed to meet with ISO. |

| 03-26-2015 | 14-CR-607 | District court sentenced Cantu for possession of methamphetamine conviction: 18 months of probation with an underlying 30 months in prison to run consecutively to sentence in theft case. |
|---|---|---|
| 04-13-2015 | 14-CR-330 | Cantu admitted to second probation violation in theft case; parties agreed to postpone disposition portion of hearing and to recommend 120-day dip and modification to term of probation if Cantu did not violate conditions of probation in the interim. |
| 05-22-2015 | 14-CR-330 | Cantu failed to appear at disposition portion of hearing on second probation violation; court issued a bench warrant and forfeited Cantu's bond. |
| 05-28-2015 | 14-CR-607 | State filed motion to revoke probation in methamphetamine possession case: (1) failed to pay restitution, (2) failed to meet with ISO, (3) failed to attend outpatient treatment, and (4) violated law by not showing up to revocation disposition hearing in theft case, 14-CR-330. |
| 06-04-2015 | 14-CR-330 14-CR-607 | Cantu arrested on bench warrant (14-CR-330) and on warrant issued in conjunction with motion to revoke probation (14-CR-607). |
| 08-20-2015 | 14-CR-330 14-CR-607 | Adjudication hearing in 14-CR-607. Disposition hearing in 14-CR-330 and 14-CR-607. |

At the August 20, 2015, hearing, the State called Carlos Murillo, Cantu's Intensive Supervision Officer (ISO), and Kathy Frick, Cantu's outpatient treatment counselor, as witnesses to establish Cantu's probation violations in case 14-CR-607. Murillo testified that he supervised Cantu during which time Cantu had completed a drug and alcohol evaluation and had been recommended for outpatient treatment. Murillo testified Cantu violated the conditions of probation in case 14-CR-607 by failing to pay restitution and costs owed, failing to attend a scheduled office visit with Murillo on April 15, 2015, and failing to attend outpatient treatment sessions with Frick. Murillo also testified that Cantu was arrested on April 19, 2015, for possession of a stimulant and possession with intent to use drug paraphernalia and violated his probation by failing to report the incident to Murillo within 24 hours as required. When Frick testified, she confirmed Murillo's

testimony that Cantu missed two outpatient treatment sessions on April 20 and April 22, 2015. After hearing this evidence, the district court found the State had sustained its burden to establish by a preponderance of the evidence that Cantu had violated the conditions of his probation in case 14-CR-607.

Having found sufficient evidence of probation violations in both cases, the district court then addressed disposition. The State recommended to the court that it revoke Cantu's probation and impose the underlying prison sentences in both cases. In support of this recommendation, the State again called Murillo as a witness to provide additional testimony. Murillo testified that he attempted to reach Cantu four times before filing the motion to revoke Cantu's probation: (1) Murillo called Cantu upon learning that Cantu had bonded out of jail after his most recent arrest on April 19, 2015, but could not leave a message because Cantu's voice message feature was not enabled; (2) Murillo sent a letter to Cantu at his residence via U.S. mail on May 4, 2015, instructing him to report to Murillo on May 6, 2015; (3) Murillo attended a May 14, 2015, court hearing at which Cantu was scheduled to appear, but Cantu did not show up; and (4) Murillo went to Cantu's residence on May 26, 2015, and Cantu's mother said he was staying there, but he was not home at the time.

After hearing this evidence, the district court imposed Cantu's underlying sentences in both cases without first ordering him to serve an intermediate sanction based on its findings that Cantu had absconded and because "[t]he safety of the members of the community are indeed subject to danger from the behavior of Mr. Cantu, and his welfare will not be served by attending a lesser sanction than the imposition of the original sentence."

4

A district court's decision whether to revoke a defendant's probation generally involves two distinct components: (1) a factual determination as to whether the State has established a violation of one or more of the conditions of probation by a preponderance of the evidence and (2) a discretionary determination as to whether the violation warrants revocation. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (a) arbitrary, fanciful, or unreasonable; (b) based on an error of law; or (c) based on error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). The defendant has the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In this case, Cantu was alleged to have violated the terms and conditions of his supervision between February 2015 and May 2015. Accordingly, K.S.A. 2014 Supp. 22-3716 is the proper procedural statute to apply to the facts in this case. See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) (probation violation procedure governed by law at time violation occurred, rather than law at time probation revocation hearing is held or when underlying crime was committed).

Pursuant to K.S.A. 2014 Supp. 22-3716, the district court is statutorily required to impose graduated intermediate sanctions before ordering an offender to serve his or her underlying sentence, unless certain exceptions apply. Cantu served an intermediate sanction as authorized under K.S.A. 2014 Supp. 22-3716(c)(1)(B) in case 14-CR-330. Thus, unless one of the statutory exceptions applied, it appears the district court was required to impose either the 120- or 180-day sanction found in K.S.A. 2014 Supp. 22-3716(c)(1)(C) or (c)(1)(D) before imposing Cantu's underlying sentence.

The district court relied on two exceptions to bypass intermediate sanctions here: (1) when the offender "absconds from supervision while the offender is on probation" and (2) when "the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716(c)(8), (c)(9).

Cantu's only argument on appeal is that the district court erred as a matter of law in finding that he absconded. At the evidentiary hearing before the district court, the State was required to prove that Cantu absconded by a preponderance of the evidence. On appeal, we review the district court's factual findings for substantial evidence. *State v. Huckey*, 51 Kan. App. 2d 451, 457, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Substantial evidence is evidence that a reasonable person would accept as being sufficient to support a conclusion. *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014).

We find it unnecessary, however, to review the district court's factual findings to determine whether there is substantial evidence to prove by a preponderance of the evidence that Cantu absconded. This is because the district court relied on a second exception to bypass intermediate sanctions here:  A finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by imposing intermediate sanctions. K.S.A. 2014 Supp. 22-3716(c)(9). At the August 20, 2015, hearing, the district court judge stated the following in support of his decision to bypass intermediate sanctions and impose the underlying sentences in both cases:

> "I'm going to find where a defendant intentionally avoids and thwarts the opportunity to participate in a treatment program geared for his betterment and his interest and has actively evaded the interest and contact with the probation sources available to him, that at least in this factual scenario, Mr. Cantu has absconded from the benefits offered by the court system, and that the paragraph 9 does in fact occur and apply to Mr. Cantu in the facts that have been found.

6

> "The safety of the members of the community are indeed subject to danger from the behavior of Mr. Cantu, and his welfare will not be served by attending a lesser sanction than the imposition of the original sentence. Court does hereby impose the sentence on both of these two cases, finding that there does not appear to be a reasonable sanction short of the service of the jail term and does hereby impose the sanctions originally ordered by the sentencing Courts."

Although the judge used the word "abscond" in his ruling, the context within which the word was used by the judge does not lend itself to the legal definition of abscond, which has been defined in Kansas as a term of art meaning "'[t]o depart secretly or suddenly, especially to avoid arrest, prosecution or service of process.'" *Huckey*, 51 Kan. App. 2d at 455. Instead, the court appears to have used the word to describe Cantu's failure to take advantage of the opportunity to participate in treatment and other programs offered by the court that would work to improve his own health, safety, and welfare. Construing the court's statement that "Cantu has absconded from the benefits offered by the court system" as a description of Cantu's decision not to work toward improving his own welfare is supported by the court's reference immediately following its statement to K.S.A. 2014 Supp. 22-3716(c)(9), which is the subsection of the statute stating the exception to intermediate sanctions when the welfare of the offender will not be served by such sanctions.

In addition to its ruling from the bench, the district court checked two boxes on the written journal entries in both cases to explain why the court revoked Cantu's probation: first "because defendant absconded or committed [a] new crime" and second "because of public safety or offender welfare finding." The court made the following explanatory notes in the comment box in case 14-CR-607: "Fail to report, fail to attend outpatient treatment, fail to report new arrest, [and] fail to pay." The journal entry in case 14-CR-330 noted: "See PV [probation violation] motion. Fail to report." And finally, the probation violation journal entries in both 14-CR-330 and 14-CR-607 reflect that

7

absconding under K.S.A. 2014 Supp. 22-3716(c)(8) and public safety or offender welfare under K.S.A. 22-3716(c)(9) were considered by the district court.

The district court's finding regarding the safety of the public and Cantu's welfare under K.S.A. 2014 Supp. 22-3716(c)(9) is an independent basis for its decision to revoke Cantu's probation and impose his underlying sentence. See, *e.g.*, *State v. Brown*, No. 112,203, 2015 WL 5010070, at *4 (Kan. App. 2015) (unpublished opinion) (district court need not have found both that offender absconded and that offender's welfare would not be served by intermediate sanctions), *rev. denied* 304 Kan. 1018 (2016). Cantu does not challenge this finding on appeal; thus, any argument he may have had on this issue is deemed abandoned. See *State v. Gomez*, 290 Kan. 858, 866, 235 P.3d 1203 (2010) (issue not briefed or argued is waived and abandoned). Thus, we find no error in the district court's decision to bypass intermediate sanctions.

Affirmed.