NOT DESIGNATED FOR PUBLICATION

No. 116,418

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RODNEY M. FLEMING,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Miami District Court; STEVEN C. MONTGOMERY, judge. Opinion filed September 1, 2017. Reversed and remanded with directions.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Julia A. Leth-Perez*, assistant county attorney, *Elizabeth Sweeney-Reeder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*:  Rodney M. Fleming appeals the district court's denial of his K.S.A. 60-1507 motion following an evidentiary hearing which he did not attend. On appeal, Fleming contends the district court erred by holding the evidentiary hearing outside of his presence. Fleming's contention is meritorious. The matter is reversed and remanded with directions to conduct a new evidentiary hearing with Fleming present. Alternatively, if Fleming knowingly and voluntarily waives his appearance at the new hearing, the district court may reconsider and reissue its prior ruling based on the evidence and argument presented at the August 31, 2015, evidentiary hearing.

1

Fleming was convicted upon his plea of guilty to possession with intent to distribute cocaine. On January 13, 2011, the district court sentenced him to 36 months' imprisonment. Fleming did not appeal his conviction or sentence.

On August 26, 2014, Fleming filed a K.S.A. 60-1507 motion that is the subject of this appeal. In his motion, Fleming alleged that his court-appointed attorney, Mary Stephenson, was ineffective because she incorrectly advised him that he could not appeal the district court's denial of his motion to suppress evidence. On September 2, 2014, the district court appointed Richard Fisher, Jr., to represent Fleming in the proceedings.

The State filed a response to Fleming's motion on September 16, 2014. In the response, the State summarized its opposition to Fleming's motion:

> "The petitioner in this case waited over 3 years to file his motion pursuant to K.S.A. 60-1507, well past the one-year limitation of K.S.A. 60-1507(f)(1). He offers no reasons for the delay in filing his motion. Petitioner does not allege manifest injustice should allow for the untimely filing of his motion. Additionally, the facts alleged do not present substantial issues of law or fact deserving of the court's consideration. By pleading guilty in lieu of proceeding to trial, Petitioner waived his right to appeal the denial of his suppression motion."

The district court subsequently allowed Fisher to withdraw due to a conflict and appointed new counsel, Jeffrey F. Dasenbrock, to represent Fleming. During the next several months, the case was continued for status conferences, but on July 2, 2015, the district court set the matter for an evidentiary hearing to be held on August 31, 2015. Four days after the order scheduling the evidentiary hearing, the district court issued a transportation order directing that Fleming be transported from the Lansing Correctional

2

Facility to the courthouse for the hearing. For its part, the State issued a subpoena for Stephenson's appearance at the hearing.

On August 31, 2015, the evidentiary hearing on Fleming's K.S.A. 60-1507 motion was held. The State was represented by Assistant County Attorney Jason Oropeza and although Fleming's attorney, Geri L. Hartley, a partner of Dasenbrock, appeared, Fleming was not present in court. At the outset, the district court announced, "Just this morning prior to calling this matter, the Court has learned that Mr. Fleming has a situation that has arisen that is going to prevent him from being here." The following colloquy then occurred:

> "MS. HARTLEY: Yes, Your Honor. Hopefully, without breaking attorney/client privilege, Mr. Fleming has sent me [a] communication although it's dated August 17, 2014, I believe he meant that to be dated 2015, that communication indicates that Mr. Fleming did not want to be brought back to court. He receives dialysis three times a week. And for that reason as well as it's his opinion he does not need to be present in the courtroom, he would prefer not to be brought back to court unless it's on a Tuesday or Thursday so he can continue to attend dialysis.
> "THE COURT: All right. Well, that is new information for this Court. It was my understanding previously that he did, in fact, want to appear, but I will accommodate him and we will proceed this morning with our evidentiary hearing without him being present."

The district court then summarized the issue raised in Fleming's motion:

> "Mr. Fleming is alleging that following a motion to suppress in his underlying criminal case . . . that the court in that underlying criminal case had denied his motion to suppress, and he alleges that he was not [apprised] of his right to appeal the ruling in the motion to suppress, and based upon that, he is seeking relief."

Before addressing the merits of the motion, however, the district judge stated, "[I]t occurs to the Court that the timeliness issue is front and center." The State had pointed out and Hartley acknowledged that Fleming's motion was filed beyond the 1-year time period provided in K.S.A. 60-1507(f)(1). Noting the three factor test to determine whether outright denial of the untimely motion would cause a manifest injustice, as discussed in *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014), the district judge concluded, "[T]hose are things that I have to make factual findings about. So, at this point I think it's important for us to proceed with our evidentiary hearing."

The only witness to appear at the hearing, Stephenson, testified to her legal representation of Fleming. In particular, Stephenson recalled her discussions with Fleming regarding the motion to suppress evidence, the likelihood of whether the Court of Appeals would reverse the district court's denial of the motion, and the benefits of accepting a plea bargain. Stephenson testified that she never advised Fleming that he could not appeal the district court's adverse suppression ruling. In addition to Stephenson's testimony, the State introduced the transcripts of Fleming's plea and sentencing hearings into evidence.

At the conclusion of the hearing, the district judge found that "Miss Stephenson and Mr. Fleming fully discussed his appeal rights and the appellate procedure. There was also a discussion of the impact of proceeding to trial . . . . I'm finding that the decision not to appeal the suppression ruling was calculated and was jointly made, and reasonably so."

The district court then turned its attention to whether Fleming had shown that an outright denial of the K.S.A. 60-1507 motion would cause a manifest injustice. Discussing the evidence relating to all three factors enunciated in *Vontress*, the district judge ruled:

"I find also that Mr. Fleming has failed under *Vontress* to establish any of the factors that might allow him to proceed with his claim for relief in an untimely fashion.

"Therefore, my findings should also contain a conclusion that this application was filed out of time, and that untimely application is fatal to his efforts to pursue and receive post conviction relief. Accordingly, the Court is denying Mr. Fleming's application."

Fleming appeals.

ANALYSIS

On appeal, Fleming contends the district court erred "by effectively waiving Mr. Fleming's appearance at his K.S.A. 60-1507 evidentiary hearing." According to Fleming, Supreme Court Rule 183(h) (2017 Kan. S. Ct. R. 222) as interpreted by *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013), required that Fleming be present for the evidentiary hearing on his motion. Moreover, Fleming contends he could not waive his appearance but alternatively, if he could waive the right to be present at the hearing, there was insufficient evidence that he did, in fact, make a knowing and voluntary waiver. For its part, the State "concedes that [Fleming] has a right to be present at his [K.S.A. 60-]1507 evidentiary hearing. The State submits, however, that [Fleming] could and did waive his right to be physically present."

In reviewing this appeal, we repeat the three well known options that a district court has when considering a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented

5

requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Our standard of review depends upon which of these options a district court utilizes. *Sola-Morales*, 300 Kan. at 881.

Additionally, in this appeal, whether Fleming had a right to be present for the evidentiary hearing depends upon the interpretation of K.S.A. 2016 Supp. 60-1507 and Supreme Court Rule 183(h). Statutory interpretation is a question of law over which appellate courts have unlimited review. Interpretation of Supreme Court rules also is a question of law over which we have unlimited review. *Fischer*, 296 Kan. at 814-15.

After a full evidentiary hearing on a K.S.A. 60-1507 motion—as occurred in this case—the district court should issue findings of fact and conclusions of law regarding all issues presented. Supreme Court Rule 183(j). An appellate court reviews the court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. Appellate review of the district court's ultimate conclusions of law is de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

At the outset, both parties acknowledge that because the district court held an evidentiary hearing on the K.S.A. 60-1507 motion, Fleming had a right to be present at the hearing. We agree.

K.S.A. 2016 Supp. 60-1507(b) addresses the district court's ability to rule on a motion without requiring the movant's presence at a hearing. It states in relevant part:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make

6

findings of fact and conclusions of law with respect thereto. *The court may entertain and determine such motion without requiring the production of the prisoner at the hearing.*" (Emphasis added.)

By its plain words, K.S.A. 2016 Supp. 60-1507(b) permits judicial discretion in ordering a prisoner's attendance at the evidentiary hearing.

Importantly, Supreme Court Rule 183(h) supplements K.S.A. 2016 Supp. 60-1507(b). That rule directs district courts:

"When the movant is imprisoned, *the movant must be produced at the hearing* on a motion to vacate, set aside, or correct sentence if there are substantial issues of fact regarding events in which the movant participated. A sentencing court may determine whether a claim is substantial before granting an evidentiary hearing and requiring the movant to be present." (Emphasis added.) Supreme Court Rule 183(h) (2017 Kan. Ct. R. 224).

In *Fischer*, our Supreme Court considered both the language of K.S.A. 60-1507(b) and Supreme Court Rule 183(h) and announced guidelines for district courts to follow. First, "[w]hen a district court finds there is a substantial issue requiring an evidentiary hearing for a K.S.A. 60-1507 motion, . . . *a prisoner must be produced for a hearing* when there are substantial issues of fact regarding events in which the prisoner participated." (Emphasis added.) 296 Kan. 808, Syl. ¶ 4.

Additionally:

"When a district court grants a K.S.A. 60-1507 evidentiary hearing to consider substantial issues of fact regarding events in which the prisoner participated, Supreme Court Rule 183(h) preserves the district court's discretion to determine the reasonable manner under the circumstances to facilitate the prisoner's production for that hearing. A district court may require the prisoner to be physically present in the courtroom or may

7

use alternative means, if available, such as two-way interactive technology." 296 Kan. 808, Syl. ¶ 5.

Our Supreme Court in *Fischer* also outlined other guidelines to assist district courts in assessing the appropriate alternative means to be employed to insure the inmate's presence at a hearing. See 296 Kan. 808, Syl. ¶¶ 6-7.

In this case, it is apparent that a substantial issue of fact was raised about whether Stephenson advised Fleming of his right to appeal the district court's adverse ruling on the defendant's motion to suppress. In his motion, Fleming asserted that Stephenson informed him he could not appeal the ruling. On the contrary, Stephenson testified that she never advised Fleming that he could not appeal the ruling. Under these circumstances—as acknowledged by the parties—Kansas law provides that Fleming had a right to be present for the evidentiary hearing.

We next consider whether Fleming knowingly and voluntarily waived his right to personally attend the hearing. Preliminarily, we dispense with Fleming's claim that he could not waive his presence at the evidentiary hearing. Fleming provides no legal support for this assertion or argument, and we are not aware of any precedent that stands for that proposition. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Furthermore, a point raised incidentally in a brief and not argued therein is also deemed abandoned. *State v. Sprague,* 303 Kan. 418, 425, 362 P.3d 828 (2015). This argument is waived or abandoned.

As to the merits of this claim, as the State argues, it is implausible to believe that a defendant may not waive his or her presence at a K.S.A. 60-1507 evidentiary hearing that is provided by court rule, when it is well established that a criminal defendant may waive

the Sixth Amendment's constitutional right to jury trial, in addition to other valuable constitutional rights. See *State v. Lewis*, 301 Kan. 349, 376, 344 P.3d 928 (2015).

The critical question to be resolved on appeal is not whether Fleming *could have waived* his right to be present at the evidentiary hearing on his K.S.A. 60-1507 motion but whether he *did waive* his right. In this regard, Fleming contends the record is insufficient to show that he knowingly and voluntarily waived his appearance. Fleming notes that his letter to his attorney (which was not admitted as evidence below and is not a part of the record on appeal) was "equivocal" and simply indicated a preference to have the hearing on a Tuesday or Thursday to avoid interfering with his dialysis treatments. Moreover, although Fleming's attorney did not request it, Fleming suggests the district court could have continued the hearing to permit Fleming to "participate by telephone or video conference."

The State counters that the contents of the letter constitute substantial competent evidence that Fleming personally waived his right to be present at the hearing. The State highlights the following language as proof of Fleming's waiver:

> "Mr. Fleming did not want to be brought back to court. He receives dialysis three times a week. And for that reason as well as it's his opinion he does not need to be present in the courtroom, he would prefer not to be brought back to court unless it's on a Tuesday or Thursday so he can continue to attend dialysis."

In *State v. Sandstrom*, 225 Kan. 717, 718-19, 721, 595 P.2d 324 (1979), our Supreme Court held that a criminal defendant could voluntarily waive the right to be present at a hearing on a motion for a judgment of acquittal and a hearing regarding potential issues involving a juror after the State rested its case. The *Sandstrom* court held that, provided the record reflects the defendant waived the right to be present and nothing barred the defendant from being present, the waiver was effective. 225 Kan. at 721.

9

More recently, our Supreme Court—without citing but applying the same standard as in *Sandstrom*—held that a criminal defendant may waive the right to be present and appear at a restitution sentencing hearing. In *State v. Hall*, 298 Kan. 978, 987-88, 319 P.3d 506 (2014), the court stated:

> "[A]ny completion of sentencing must take place in the defendant's presence in open court. K.S.A. 22-3405(1) . . . . As in the case with other critical stages of criminal proceedings, a defendant may waive his or her right to be present at a continued sentencing hearing, but [the] district judge would be well advised to see that [the] defendant's waiver appears on the record. [Citations omitted.]"

See *State v. Frierson*, 298 Kan. 1005, 1020-21, 319 P.3d 515 (2014); accord *State v. Hall*, No. 102,177, 2014 WL 3843066 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1015 (2015).

Applying the *Hall*, *Frierson*, and *Sandstrom* standard to the circumstances of this case, we are persuaded there is no substantial competent evidence in the record to show that Fleming knowingly and voluntarily waived his right to be present at the evidentiary hearing. There are several reasons for this conclusion.

First, nowhere in the record did Fleming's attorney convey to the district court that his client had, in fact, waived his right to be present at the hearing. In this regard, the statements made by Fleming's attorney were notable for their ambiguity. Second, no letter or document from Fleming indicated his waiver of appearance. Third, Fleming was in custody and the district court anticipated his presence and had arranged for the defendant to be transported to the hearing. Fourth, Fleming was under medical care requiring dialysis treatments three times a week which, understandably, prevented him from attending a court hearing held on Mondays, Wednesdays, and Fridays. Fifth, Fleming's letter indicated his willingness to attend the hearing if it could be scheduled on Tuesdays and Thursdays when he was not having dialysis treatments. Finally, although

10

Fleming may have believed there was no need for him to be *personally* present at the hearing, it is not known if he was aware of the potential use of telephonic or video communications to facilitate his participation in the hearing while in custody.

We find support for our conclusion in related waiver cases. For example, when determining whether a jury trial waiver is valid, courts consider whether the waiver was "'voluntarily made by a defendant who knew and understood what he or she was doing,'" which is a determination dependent upon the particular facts and circumstances in each case. *State v. Rizo*, 304 Kan. 974, 980, 377 P.3d 419 (2016).

In this case we are not called upon to establish the requirements for what constitutes a knowing and voluntary waiver of a movant's presence at the evidentiary hearing on a K.S.A. 60-1507 motion. It is sufficient to state that, at a minimum, the district court should be clearly informed that the movant has waived the right to appear at the hearing. This minimal requirement was not met in this case.

Accordingly, the case is reversed and remanded with directions to conduct a new evidentiary hearing with Fleming present. Alternatively, if Fleming knowingly and voluntarily waives his appearance at the new hearing, the district court may reconsider and reissue its prior ruling based on the evidence and argument presented at the August 31, 2015, evidentiary hearing.