NOT DESIGNATED FOR PUBLICATION

No. 119,725

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARA LEANN SHOBE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Opinion filed May 10, 2019. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Lara Leann Shobe appeals the length of the sentences imposed and the revocation of her probation. We granted Shobe's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State does not respond. For the reasons stated in this opinion, we affirm the district court's judgment in part and Shobe's appeal is dismissed in part.

FACTUAL AND PROCEDURAL HISTORY

Shobe appeals either the sentence or the probation revocation in eight separate cases: 16-CR-357 (Case 1); 16-CR-358 (Case 2); 16-CR-383 (Case 3); 16-CR-385 (Case 4); 16-CR-515 (Case 5); 17-CR-48 (Case 6); 17-CR-76 (Case 7); and 17-CR-77 (Case 8).

1

Suffice it to say that all the cases involved felonies, such as theft, forgery, and unlawful use of a financial card, and misdemeanors such as worthless checks. She committed some of the crimes while she was on probation. She does not contest her convictions in any of these cases or the fact that she violated her probation. We will examine all the claims asserted on appeal grouped by issue raised. Additional facts will be provided as necessary.

ANALYSIS

*We lack jurisdiction to consider Shobe's claim that the court improperly granted an upward dispositional departure in Case 5.*

In Case 5, Shobe was found guilty of attempted forgery, a severity level 10 person felony. There is no dispute that she was a criminal history E and that given her criminal history and the crime severity level she was subject to a presumptive probation grid box under the Kansas Sentencing Guidelines Act (KSGA). K.S.A. 2018 Supp. 21-6804. Her attorney, however, requested an upward dispositional departure to imprisonment, to which Shobe consented. The State did not oppose the departure motion. This was part of a global plea agreement that was attached to the plea form. The district court granted the motion and sentenced Shobe to the standard number in the sentencing grid, 8 months, followed by 12 months' postrelease supervision. K.S.A. 2018 Supp. 21-6804. On appeal she argues that the district court erred in ordering her to serve a prison sentence of 8 months rather than the presumptive probation called for in the KSGA. Her claim fails.

A litigant may not invite error and then complain of the error on appeal. *State v. Parks*, 308 Kan. 39, 42-43, 417 P.3d 1070 (2018). Shobe and her attorney both requested that the court go along with their request for an upward dispositional departure. She cannot now complain that the district court granted her request. Moreover, K.S.A. 2018 Supp. 21-6820(c) provides that an appellate court shall not review on appeal a sentence

2

for a felony conviction that is the result of a plea agreement between the State and the defendant which the trial court approved on the record. Such an agreement was approved on the record here. Accordingly, we have no jurisdiction to consider this claim of error.

*We lack jurisdiction to consider the length of Shobe's sentences in Cases 6, 7, and 8.*

In Case 6, Shobe was convicted of four separate counts, each severity level 9 nonperson felonies. Again, her criminal history score was E. The district court sentenced her to the mid-range sentence on the KSGA sentencing grid for 10 months on the first count, followed by consecutive 5-month sentences on the next two counts, and a concurrent 5-month sentences for the last of the four counts. See K.S.A. 2018 Supp. 21-6804. Her total sentence was 20 months.

In Case 7, Shobe was convicted of a severity level 8 nonperson felony and in Case 8 she was convicted of a severity level 9 nonperson felony. The cases were consolidated. Again, her criminal history score was E. The district court sentenced her to the mid-range sentence on the KSGA sentencing grid for 14 months on the severity level 8 offense and 6 months on the severity level 9 offense. See K.S.A. 2018 Supp. 21-6804. Her total sentence on both was 20 months.

Shobe appeals the district court's order sentencing her in Cases 6, 7, and 8. We lack jurisdiction to consider her claim. Appellate courts lack jurisdiction to review a sentence that is within the presumptive sentence for a crime. K.S.A. 2018 Supp. 21-6820(c)(1). All of her sentences in these cases were presumptive sentences.

*The district court did not err in imposing sentences in Cases 5, 6, 7, and 8 without proving Shobe's prior criminal history to a jury beyond a reasonable doubt.*

Shobe asserts that the district court erred in using her prior criminal history to increase her sentences without first presenting the information to a jury. She asserts this violated her constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Shobe concedes that the Kansas Supreme Court has decided this issue against her. See *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002) (use of criminal history to enhance sentence not unconstitutional). Because there is no indication that our Supreme Court is departing from its position in *Ivory*, we are duty bound to follow it. See *State v. Watkins*, 306 Kan. 1093, 1093-94, 401 P.3d 607 (2017) (reaffirming *Ivory*); *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015) (Court of Appeals duty bound to follow Supreme Court precedent). Consequently, this argument provides no basis for relief.

*The district court did not abuse its discretion in running Shobe's sentences consecutive to each other.*

Some sentences in these cases were ordered to run consecutive to other sentences by operation of law and some by judicial discretion. Those that were by operation of law involved the imposition of special sentencing rules.

Under K.S.A. 2018 Supp. 21-6606(c), when a defendant commits a crime while on probation for a previous felony conviction, the defendant's sentence is required to run consecutive to other sentences by operation of law. This rule required the court to run the new sentences in Cases 5, 6, 7, and 8 consecutive to the sentences in Cases 1 and 4. Shobe did not object to the imposition of this rule, nor did she argue any manifest injustice that would prevent its application. See K.S.A. 2018 Supp. 21-6819(a) (special rule "shall not apply if such application would result in manifest injustice") Accordingly,

4

there was no error in running the sentences in Cases 5, 6, 7, and 8 consecutive to the sentences in Cases 1 and 4. The district court was required to do so by operation of law.

Shobe next challenges the court's order of consecutive sentences as among the various charges within Cases 6, 7, and 8. But these were all presumptive sentences under the KSGA. We lack the jurisdiction to entertain challenges to the judge's discretion in the imposition of consecutive guideline sentences. *State v. Mosher*, 299 Kan. 1, 2-3, 319 P.3d 1253 (2014); see K.S.A. 2018 Supp. 21-6819(b) (judge has "discretion to impose concurrent or consecutive sentences in multiple conviction cases").

The final challenge Shobe makes is to the running of the sentences in Cases 5, 6, 7, 8, and 9 consecutive to the charges in Cases 2 and 3 (which were misdemeanor cases). Decisions to run sentences consecutively or concurrently in such nonguideline cases is discretionary with the court. K.S.A. 2018 Supp. 21-6606(b) (sentences for new convictions while on probation for a misdemeanor may be run concurrently or consecutively). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). Shobe does not allege any error of fact or law, so we examine whether the court's decision was arbitrary, fanciful, or unreasonable. An appellate court will not disturb a discretionary decision unless no reasonable person would have taken the view adopted by the district court. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010). The party who asserts an abuse of discretion on appeal bears the burden of establishing it. *State v. Moses*, 280 Kan. 939, 945, 127 P.3d 330 (2006). Shobe has failed to meet her burden here.

Shobe had a lengthy criminal record. At the time she was sentenced in Case 1, she already had 10 nonperson felonies and 21 nonperson misdemeanors on her criminal history. The vast majority involved the same types of crimes she was charged with in these cases. She continued to commit the same types of crimes while she was on

probation. We are unable to conclude that no reasonable person would have taken the same action as the district court. Accordingly, this claim of error also fails.

*The district court did not abuse its discretion in revoking Shobe's probation and ordering her to serve the underlying sentences in Cases 1, 2, 3, and 4.*

Shobe argues that the district court abused its discretion when, upon revoking her probation in Cases 1, 2, 3, and 4, it ordered her to serve her underlying sentences in those cases instead of reinstating her probation.

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). As already stated, a district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Fischer*, 296 Kan. 808, Syl. ¶ 8.

The district court's discretion to revoke probation is limited by K.S.A. 2018 Supp. 22-3716(c), which delineates the sanctions a district court can impose upon finding a probation violation. Typically, the district court must impose intermediate sanctions before it is allowed to revoke an offender's probation. K.S.A. 2018 Supp. 22-3716(c)(1). However, intermediate sanctions are not required where an offender commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). In that situation, the district court may revoke an offender's probation or impose intermediate sanctions.

Shobe does not dispute that the district court had the authority to bypass intermediate sanctions after she stipulated to committing a new crime. As part of her plea agreement with the State, she stipulated in Cases 1, 2, 3, and 4 to a violation of her probation. She does not argue that the district court committed an error of fact or law. So we are left with whether the district court's actions in ordering her to serve her underlying

6

sentences were arbitrary, fanciful, or unreasonable. While Shobe was on probation she committed the same type of crimes for which she was on probation—forgery, theft, and criminal use of a financial card. She does not present any evidence to support her claim on appeal that the court should not have revoked her probation and ordered her to serve her underlying terms. We are unable to conclude that no reasonable person would have taken the same action as the district court. Accordingly, this claim of error also fails.

Affirmed in part and dismissed in part.

7