NOT DESIGNATED FOR PUBLICATION

No. 120,219

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMUEL L. REED,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed April 24, 2020. Affirmed.

*Kristin B. Patty*, of Wichita, for appellant, and *Samuel L. Reed*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and GARDNER, JJ.

PER CURIAM: Samuel L. Reed appeals the district court's summary denial of his untimely K.S.A. 60-1507 motion. He argues that he is entitled to an evidentiary hearing on the merits of his motion because he showed manifest injustice to overcome the one-year time limit for filing such a motion. Because the motion, files, and records of the case conclusively show that Reed has no right to relief, we affirm the district court.

1

*Almost ten years later, Reed asks to withdraw his pleas in a 2009 prosecution.*

Reed was convicted upon pleas of no contest to five of seven charges stemming from a September 2008 arrest:

- two counts of criminal threat, each a person felony;
- one count of battery against a law enforcement officer, a person felony;
- one count of criminal possession of a firearm by a juvenile, a nonperson felony; and
- one count of criminal damage to property, a nonperson misdemeanor.

Reed wanted to enter pleas "[b]ecause I'm willing to be found guilty and I no longer want to fight the charges." Reed was 18 years old with 11 years of education at the time of his pleas. He acknowledged the rights he was waiving and did not have any questions. The district court found Reed "understands the charges against him, the consequences of a plea of no contest, and that he has knowingly, intelligently, freely and voluntarily waived his rights in this matter."

Reed had two prior convictions from 2006 and 2007 for criminal possession of a firearm by a juvenile—a nonperson misdemeanor and a nonperson felony, respectively. The parties anticipated Reed's criminal history score would be G. Reed's attorney explained to him how his criminal history score would determine his presumptive sentence.

Reed told the district court that he believed his lawyer did a good job counseling and assisting him, and he was satisfied with his attorney's advice and help. He also stated he was satisfied with the way the courts had treated him. Based on the State's factual summary of the basis for the charges, Reed entered his pleas of no contest. The district court then found there was an enough factual basis to find Reed guilty of the charges and then dismissed the remaining two charges. Reed was released on his own recognizance—

pending sentencing and after agreeing to conditions of bond that included gang nonassociation conditions.

The court found Reed's criminal history score was G and followed the plea agreement in sentencing Reed to 26 months in prison. The court granted Reed probation for 24 months with conditions that included the gang nonassociation conditions. The court told Reed of his right to appeal. Reed did not appeal.

After he was sentenced, Reed's probation was revoked, modified, and reinstated. Then in March 2011, Reed's probation was revoked based on a new conviction for attempted first-degree murder. The court ordered Reed to serve his prison sentence. Reed did not appeal.

In November 2013, Reed filed a pro se "Motion to Withdraw Plea to Correct Manifest Injustice." The court summarily denied Reed's motion, stating: "Defendant failed to file his motion in a timely manner. Having proffered no substantive grounds showing the existence of incompetent counsel or manifest injustice the motion is denied."

Reed unsuccessfully appealed the district court's denial of his motion to withdraw his pleas. See *State v. Reed*, No. 111,663, 2015 WL 4716290, at *5 (Kan. App. 2015) (unpublished opinion) (*Reed I*). A panel of this court determined that because Reed could not meet his burden to show excusable neglect to allow his late motion to withdraw his plea under K.S.A. 2012 Supp. 22-3210, the district court properly determined the motion was untimely. 2015 WL 4716290, at *5.

About 18 months after the mandate was issued in *Reed I*, Reed filed this 60-1507 motion. The district court in January 2018 summarily denied the motion.

3

*We find no manifest injustice that would allow an untimely motion.*

Reed argues the district court erred when it summarily denied his 60-1507 motion. He wants this court to either grant his motion or remand it to the district court for an evidentiary hearing. The State contends Reed's motion presented no basis for a finding of manifest injustice to justify the out-of-time filing and argues the district court's summary dismissal should be affirmed. We agree with the State.

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2018 Supp. 60-1507(f)(1). Because Reed did not file a direct appeal, he had until mid-December 2010 to file his motion under K.S.A. 60-1507. The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court, but only to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). Courts must dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and dismissing the motion would not equate with manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(3). A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Reed concedes his 60-1507 motion was untimely, but argues substantial issues of law and fact, as well as a colorable claim of actual innocence, warrant consideration of his motion on the merits. He argues the "totality of the circumstances" establish manifest injustice. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). But Reed argues for the wrong standard in his motion—something he tries to correct on appeal.

The Legislature amended K.S.A. 60-1507(f)(2) to define manifest injustice. Courts are now "limited to determining why the prisoner failed to file the motion within the one-

4

year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). We are thus restricted to considering why he failed to file his motion within the statutory time limit or whether he made a colorable claim of actual innocence.

Here, Reed uses a similar argument that he used in the appeal of his first K.S.A. 60-1507 motion. He again claims that he was embroiled with his defense in his attempted murder case. A panel of this court found that Reed's argument ignored relevant overlapping timelines in his criminal cases, which showed Reed had about nine months between his 2009 convictions and his 2010 charge of attempted first-degree murder. Similarly, Reed was sentenced in the attempted murder case in 2011. But he waited almost two years before moving to withdraw his pleas. "[T]he fact that Reed was charged with, and convicted of, attempted first-degree murder does not meet the definition of excusable neglect [. . .], and therefore, cannot be used as a justification for failing to file his motion in a timely manner." 2015 WL 4716290, at *4. We find the panel's findings on the overlapping timelines persuasive here. We, too, conclude these reasons cannot justify an untimely motion.

Reed tries to lessen the impact on this appeal of the prior panel's criticisms by now claiming to us that he did not timely file his 60-1507 motion because he was "attending to" his minor son, working, and adhering to his probation conditions after his 2009 convictions. The record paints a different picture. We see two probation revocations here and his conviction for attempted murder—all during his original term of probation. We see no evidence of diligent concentration on his obligations and family responsibilities. With this record, we simply cannot conclude that he has shown that it would be manifestly unjust for us to rule he is not entitled to a hearing on his motion.

We must point out another aspect of this case. The mandate after his appeal of his first 60-1507 motion was issued by this court in April 2016. Reed did not file his motion

5

under K.S.A. 60-1507 until October 2017—18 months later. His filing here is still outside the one-year time limit in K.S.A. 2018 Supp. 60-1507(f)(1). Reed fails to explain the 18-month time gap.

*Reed does not claim he is innocent.*

In this context of considering late motions for relief from criminal convictions, the Legislature has defined actual innocence to mean that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). A claim is "'colorable' if there is 'sufficient doubt' about [a movant's] guilt 'to undermine confidence' in his [or her] conviction 'without the assurance' that the conviction 'was untainted by constitutional error.'" *Beauclair v. State*, 308 Kan. 284, 303, 419 P.3d 1180 (2018).

But Reed does not claim that it is more likely than not that no reasonable juror would have convicted him considering new evidence, nor does he even claim he is actually innocent. He merely makes a conclusory statement that he asserted a colorable claim of actual innocence and then proceeds to argue the merits of his motion. Reed requests only that he be allowed to withdraw his plea and move forward with a trial.

This is not enough to show that he would not have been convicted based on new evidence, or to show that there is enough doubt to undermine confidence in his 2009 convictions.

Reed fails to establish that consideration of the merits of his untimely motion is necessary to prevent a manifest injustice.

6

*Uncounseled arguments*

Turning to the issues raised by Reed in his pro se brief, we see no grounds to grant relief. He raises three points. First, he claims that K.S.A. 22-4506 requires a court to appoint an attorney for him and hold a preliminary hearing on his motion. He is mistaken. Second, Reed suggests that the court could have used a teleconference to resolve his claims and it was error for the court not to do so. We see no error here because we see no need for a teleconference in a case in which the motion was barred, and there is no showing of manifest injustice so the court could waive the statutory bar. Finally, he contends that just because he made a claim that could require relief, he is entitled to a hearing. We hold that argument ignores too much law and we are unconvinced. We will address the points in that order.

While it is true that K.S.A. 22-4506 applies to collateral attacks on criminal convictions, it does not apply to all. In some cases, timely filed motions raise serious issues that require a deeper inquiry by the court. In those cases, counsel are appointed and at least a preliminary hearing is held to see if evidence is required. But in cases that raise only superficial issues that are meritless, there is no requirement by the statute that an attorney be appointed and the court hold a preliminary hearing. Said another way, the statute is not mandatory in every case. It does set the procedure in some. For untimely motions that have no showing of manifest injustice, the statute simply does not apply. That is true here.

After all, K.S.A. 60-1507(b) directs a court to screen these motions and dismiss them if they are meritless as shown by the files and records of the case. And then K.S.A. 60-1507(f)(3) mandates that the court dismiss untimely motions that do not show manifest injustice. That statute controls this case.

7

Next, we turn to Reed's argument about teleconferences. He cites *Fischer v. State*, 296 Kan. 808, 295 P.3d 560 (2013). *Fischer* offers him little support. The Supreme Court held that when a court finds a substantial issue requiring an evidentiary hearing and the defendant's presence is necessary to help resolve issues of fact, the defendant must appear and can do so through a teleconference. 296 Kan. 808, Syl. ¶ 5. The Supreme Court Rules allow teleconferences to achieve this. See Supreme Court Rule 183(h) (2019 Kan. S. Ct. R. 228) and Rule 145 (2019 Kan. S. Ct. R. 217).

But there were no substantial questions of fact for the court to resolve here. This was an untimely motion that failed to show manifest injustice. The *Fischer* rule does not apply to Reed's motion.

As for Reed's last point, he seems to contend that just because he made this argument, the court should consider it. He ignores the time limits placed by the Legislature for prisoners to file these motions. The statute, K.S.A. 60-1507, creates a procedure for the courts to follow and defines certain important concepts, such as manifest injustice. Timely filed motions are screened by the court—some are set for a preliminary hearing, and some for evidentiary hearings. But untimely filed motions are not to be considered unless the prisoner can show manifest injustice. We grant no relief to Reed.

Affirmed.